**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WEIWEI FU, | Case No. 5:26-cv-01981-MRA (RAO) |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| MARKWAYNE MULLIN, *et al*., | |
| Respondents. | |

Petitioner, an immigrant detainee represented by counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on April 20, 2026. Dkt. No. 1 ("Pet."). On April 27, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument at this time." Dkt. No. 7 at 2. Consequently, the facts set forth in the Petition, the legal arguments, and the relief requested are uncontested. For the reasons set forth below, the Court GRANTS the Petition.

Petitioner is a citizen of China. Pet. ¶ 31. Upon arriving in the United States, Petitioner expressed fear of returning to China and sought protection in the United States. *See id.* ¶¶ 31–34. The government initiated removal proceedings against Petitioner and issued her a Notice to Appear charging her as an alien present in the

United States who has not been admitted or paroled. *Id.* ¶ 32. The government conditionally released Petitioner, and she applied for asylum and withholding of removal. *See id.* ¶¶ 31–35. Petitioner's asylum application is pending before an immigration judge, and Petitioner is not subject to a final order of removal. *Id.* ¶ 33.

Petitioner has complied with Immigration and Customs Enforcement ("ICE") reporting requirements associated with her release. *Id.* ¶ 34.

Subsequently, Respondents detained Petitioner in March 2026. *Id.* ¶ 35. Thereafter, Petitioner was transported to the Adelanto ICE Processing Center where she remains. *Id.* ¶¶ 1, 8.

On April 2, 2026, the immigration judge held a bond hearing pursuant to Petitioner's request for an individualized custody re-determination hearing. *Id.* ¶¶ 36, 41–42. However, the immigration judge concluded that the court lacked jurisdiction to conduct a hearing, relying on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *See* Pet. ¶ 37.

Petitioner has no criminal history. *Id.* ¶ 34. Petitioner argues, *inter alia*, that her detention violates her constitutional due process rights. *Id.* ¶¶ 48–55.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that she is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Petitioner's requested relief is a declaration that her continued detention violates the Due Process Clause of the Fifth Amendment and an order that she be released immediately. Pet. at 13–14. As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens during immigration proceedings, have a liberty interest in their continued conditional release, which must be protected by adequate procedural safeguards. *Sheng Kun v.*

2

*Janecka, et al.*, No. ED CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026).  Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release status and the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of her re-detention, the Court finds that it is appropriate to grant the Petition.  *See id.*

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing.  Respondents shall return any confiscated property and documents to Petitioner upon her release.  Finally, Respondents shall file a status report regarding compliance with this order within five (5) court days of its entry.

IT IS SO ORDERED.

DATED: April 30, 2026

_____
MONICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE

3